IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.                                          1:15-cr-00395-WSD

LEONARD NATHANIEL
PERAGINE, JR.,

                    Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Russell G. Vineyard's Report
and Recommendation [49] ("R&R"). The R&R considered Defendant Leonard
Nathaniel Peragine, Jr.'s ("Defendant" or "Peragine") (i) Motion to Suppress
Statements [25] he made immediately after his arrest, including when he was en
route to the offices of the Federal Bureau of Investigation ("FBI") and statements
made during his interview at the FBI offices, and (ii) Motion to Suppress Search
and Seizure [26] ("Motion to Suppress Records"), in which Defendant seeks to
suppress stored communication data that the Government secured based on an
order issued by a magistrate judge in the District (together, the "Motions").

## I.     BACKGROUND AND FACTS

Defendant is charged with (1) using a facility and means of interstate commerce to knowingly attempt to persuade, induce, entice or coerce an individual who had not attained the age of eighteen (18) years to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); (2) knowingly distributing at least one visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); and, (3) knowingly possessing at least one visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  The facts describing Defendant's alleged conduct and upon which his Motions are based are set out in detail in the R&R, and the Court incorporates the Statement of Facts in the R&R as the Court's statement of facts.[1] The Magistrate Judge, having reviewed the facts, including those developed at the evidentiary hearing on Defendant's Motion to Suppress Statements, recommended that the Motions be denied.

## II.    STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59;

---

[1]     There are no objections to the facts set out in the R&R and the Court, finding no plain error in them, adopts the facts in the R&R.

Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Neither party filed objections to the R&R and the Court reviews the findings and recommendations in the R&R for plain error.

## III.    DISCUSSION

### A.    Motion to Suppress Records

The Stored Communications Act, 18 U.S.C. § 2701 et seq., provides that a "governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) [ ] when the governmental entity [ ] . . . obtains a court order for such disclosure." Id. at § 2703(c).  A court may issue an order for such

information "only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought [ ] are relevant and material to an ongoing criminal investigation." Id. at § 2703(d). "While this statutory standard is less than the probable cause standard for a search warrant, the government is still required to obtain a court order and present to a judge specific and articulable facts showing reasonable grounds to believe the records are relevant and material to an ongoing criminal investigation." United States v. Davis, 785 F.3d 498, 505 (11th Cir. 2015).

On October 6, 2015, Magistrate Judge Linda Walker considered the Government's application for an order requiring Verizon Wireless to produce certain stored communication records, including cell site data, for the period July 1, 2015, through October 1, 2015. Defendant moves to suppress the records Verizon produced on the grounds that the "production of the records pursuant to the [October 6, 2015] Order constituted a search under the Fourth Amendment of the United States Constitution," and that it "required a showing of probable cause and a search warrant." (Mot. Sup. Records at ¶ 4). The motion is unfounded.

Defendant agrees that our Circuit has considered and rejected Defendant's argument that probable cause and a warrant are required before stored

4

communication records like those at issue here can be compelled to be produced. The Eleventh Circuit, in Davis, held that "the government's obtaining of a § 2701(d) court order for production of [a defendant's cellular provider's] business records . . . did not constitute a search and did not violate the Fourth Amendment rights of [the defendant]." Davis, 785 F.3d at 513; see United States v. Wilson, 633 F. App'x730, 753 (11th Cir. 2015) (defendant's argument that cell site data obtained in violation of his Fourth Amendment rights foreclosed by Davis).[2]

The Magistrate Judge recommended that the motion to suppress records be denied. The Court finds no plain error in the Magistrate Judge's findings and recommendations, and Defendant's motion to suppress is denied.

B.    Motion to Suppress Statements

Defendant made two sets of post-arrest statements. The first was made after his arrest, including while he was en route to the FBI's offices. The second was made during Defendant's interview with agents at the FBI offices. Defendant seeks to suppress both sets of statements on the grounds that the first was elicited

---

[2]    Defendant also relied on a Fourth Circuit panel opinion in United States v. Graham, 796 F.3d 332 (4th Cir. 2014), which held that a defendant's Fourth Amendment rights were violated when cell phone records were required to be produced under an order issued by a court pursuant to the Stored Communications Act. The Fourth Circuit, upon en banc review, found the defendant's Fourth Amendment rights were not violated by the production order under the Stored Communications Act's less than probable cause standard. — F.3d —, 2016 WL 3068018 (4th Cir. May 31, 2016).

in violation of Defendant's constitutional rights, and that the second was the fruit of the statement illegally elicited immediately after Defendant's arrest.  The Court considers if Defendant's admissions were voluntary and knowing.

Warnings under Miranda "are required before any statement may be admitted . . . [that was] elicited from a person in custody through interrogation." Endress v. Dugger, 880 F.2d 1244, 1248 (11th Cir. 1989).  "[N]o talismanic incantation" is required to fulfill the requirement of the Miranda warning; all that it required is that the warning be "effective."  California v. Prysock, 453 U.S. 355, 359 (1981).  Once a Miranda warning has been given, it "obviates the need for a case-by-case inquiry into the actual voluntariness of the admissions of the accused."  Id.  Miranda rights can be waived if the waiver was voluntary and knowing:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.  Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.  Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

United States v. Barbour, 70 F.3d 580, 585 (11th Cir. 1995) (citation omitted).

There is no requirement that a waiver be express.  "[A] waiver of Miranda rights may be implied through 'the defendant's silence, coupled with an

6

understanding of his rights and a course of conduct indicating waiver.'"
Thompkins, 560 U.S. at 384 (quoting North Carolina v. Butler, 441 U.S. 369, 373
(1979)).  "Where the prosecution shows that a Miranda warning was given and that
it was understood by the accused, an accused's uncoerced statement establishes an
implied waiver of the right to remain silent."  Id.

A statement also must be voluntary, which requires that "the defendant
makes an independent and informed choice of his own free will."  Singleton
v. Thigpen, 847 F.2d 668, 670 (11th Cir. 1988), cert. denied, 488 U.S. 1019 (1989)
(quotation marks omitted).  Where a defendant's "will has been overborne and his
capacity for self-determination critically impaired, the use of his confession
offends due process."  United States v. Maxwell, 484 F.2d 1350, 1353 (5th Cir.
1973) (quotations omitted).  Physical and psychological pressure can result in an
involuntary confession.  Blackburn v. Alabama, 361 U.S. 199, 206 (1960); United
States v. Miller, 984 F.2d 1028, 1030 (9th Cir. 1993).  Although a confession
coerced by physical violence is *per se* involuntary, see Stein v. New York, 346
U.S. 156, 182 (1953), overruled on other grounds by Jackson v. Denno, 378 U.S.
368, 391 (1964), psychological coercion provokes no *per se* bar.  Haynes
v. Washington, 373 U.S. 503, 515 (1963); Miller, 984 F.2d at 1030-31; Martin
v. Wainwright, 770 F.2d 918, 926 (11th Cir. 1985), modified on other grounds,

781 F.2d 185 (11th Cir. 1986), cert. denied, 479 U.S. 909 (1986).  "Obviously,

interrogation of a suspect will involve some pressure because its purpose is to elicit

a confession."  United States v. Astello, 241 F.3d 965, 967 (8th Cir. 2001), cert.

denied, 533 U.S. 962 (2001); see also Oregon v. Mathiason, 429 U.S. 492, 495

(1977).  Coercive police activity "is a necessary predicate" to finding that a

confession is not voluntary.  Coleman v. Singletary, 30 F.3d 1420, 1426 (11th Cir.

1994), cert. denied, 514 U.S. 1086 (1995) (quoting Colorado v. Connelly, 479 U.S.

157, 167 (1986)).

          In determining whether a defendant's statement is voluntary, the Supreme

Court assesses "the totality of all the surrounding circumstances—both the

characteristics of the accused and the details of the interrogation."  Schneckloth,

412 U.S. at 226.  Factors courts have considered to evaluate the voluntariness of a

statement include the defendant's age, the defendant's intelligence and education,

whether the defendant was advised of his constitutional rights, the length of

detention, the nature of the questioning, the use of physical force against the

defendant, and the employment of promises or inducements.  Id.

          Here, the Magistrate Judge found that Defendant was read his Miranda

rights at the time of his arrest and, before he gave any statements, his Miranda

rights were read to Defendant again at the FBI's offices where Defendant

8

acknowledged, in writing, that he waived his rights under <u>Miranda</u>.  The evidence to support these findings is compelling.  At the evidentiary hearing on the suppression motions, FBI Agent Scott Warren testified about Defendant's arrest and statements he made shortly after his arrest.  His testimony was corroborated by an audio recording.  Agent Warren stated that Defendant was advised of his <u>Miranda</u> rights, including that he did not have to answer any questions without his attorney present.  When asked if he understood the rights of which he was advised, he responded:  "Yes, sir" and stated he was willing to speak with the investigation officials.  He then volunteered a variety of incriminating statements.[3]  Agent Orkin, who was also at the arrest scene, interrupted Defendant telling him they would talk once they got to the FBI's offices.  Defendant continued to make statements voluntarily during the drive to the FBI's offices, even though the agents who drove him "didn't really engage him in questioning."  (Tr. at 14).  Agent Warren stated they "just kind of listened to him" until they arrived at the FBI offices.

Once at their offices, the agents allowed Defendant to use the facilities, gave him some water, removed his handcuffs, and directed him to an interview room.  There is no evidence that the interview was coercive in any manner.  Before any

---

[3]     Defendant also made some practical requests regarding getting keys to people at his construction site and getting things to his wife so she could get money.

questions were asked, Defendant was again advised of his Miranda rights by reading them from FBI Advice of Rights Form, FD-395.  Defendant then read the consent section out loud and signed the waiver section.  In doing so, Defendant waived the Miranda rights he was given, acknowledged he understood his rights, was waiving them, and was willing to answer questions without a lawyer present. During the interview which followed, Defendant made further incriminating statements.

During the course of the interview, Defendant was coherent and appeared to understand and respond to the questions asked.  He received no promises for the information he provided.  The totality of the circumstances fully support that Defendant's statements were voluntary and knowing.  Schneckloth, 412 U.S. at 226.

Based on the facts presented at the evidentiary hearing, the Magistrate Judge found that Defendant was read his Miranda rights when arrested and voluntarily and knowingly waived them orally at the arrest scene.  He waived them voluntarily and knowingly again before the interview at the FBI offices.  The Magistrate Judge recommended that Defendant's Motion to Suppress Statements be denied.  The Court finds no plain error in these findings or the recommendation of the Magistrate Judge, and the Motion to Suppress Statement is denied.

IV.    **CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Russell

G. Vineyard's Report and Recommendation [49].

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress

Statements [25] and Motion to Suppress Search and Seizure [26] are **DENIED.**

**SO ORDERED** this 1st day of August, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE