# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> LEONARD NATHANIEL PERAGINE, JR., <br><br> Defendant. | 1:15-cr-395-WSD |

## OPINION AND ORDER

On May 24, 2017, Defendant Leonard Nathaniel Peragine, Jr. ("Defendant") filed, under seal, his Sentencing Memorandum [75]. Defendant did not file a motion to maintain the Sentencing Memorandum under seal or provide any basis for which to maintain the document under seal. Having reviewed the Sentencing Memorandum, the Court found that it "cannot maintain the sealed restriction on the Sentencing Memorandum until Defendant provides reasonable justification for allowing sensitive material to be redacted from the memorandum that is publicly available." ([80] at 1).

On June 8, 2017, the Court ordered: "Defendant shall . . . highlight on the Sentencing Memorandum what information he contends is sensitive and should be redacted from public view. This document should be delivered to the Court for in

camera review. The Court will determine what information is permitted to be redacted from the Sentencing Memorandum [75] after reviewing Defendant's submission." ([82] at 1-2). Defendant's counsel submitted the highlighted Sentencing Memorandum to the Court as required.

Under federal common law, there is a presumption that judicial records are public documents. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Chicago Tribune Co. v. Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001). The public's common-law right of access is not absolute, however, and "may be overcome by a showing of good cause." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." Id. at 1246 (quoting Chicago Tribune, 263 F.3d at 1315). Courts deciding whether to seal documents must balance "the public interest in accessing court documents against a party's interest in keeping the information confidential." Id. In balancing these interests, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public

officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id.

The Court has reviewed Defendant's Sentencing Memorandum and the portions of the document he seeks to maintain under seal. The majority of information Defendant seeks to redact in his Sentencing Memorandum was discussed at Defendant's change of plea or sentencing hearings, often by Defendant's counsel. (See generally, Change of Plea Hearing Transcript [90]; Sentencing Hearing Transcript [91]). These hearings were open to the public and the transcripts are available publicly.[1] The Court does not find good cause to seal all of the information in the Sentencing Memorandum that Defendant requests. The Court, however, finds that certain information may remain under seal. The Court identifies, in a document the Court will send *ex parte* to Defendant's counsel, those portions of the Sentencing Memorandum which are allowed to remain under seal. The material permitted to be redacted is highlighted in blue. Defendant is required to file, on or before September 8, 2017, a redacted version of the Sentencing Memorandum, consistent with the Court's findings.

---

[1] The parties were required to file with the Clerk of Court, on or before August 25, 2017, any redaction requests for the transcripts of Defendant's change of plea or sentencing hearings. (See [90], [91]). No party filed a redaction request for either transcript by this deadline.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant shall file, on or before September 8, 2017, a redacted version of the Sentencing Memorandum, consistent with the Court's findings. Exhibit A to Defendant's Sentencing Memorandum ([75] at 36-57) shall remain under seal in its entirety, as the Court has already found that this exhibit contains sensitive information.

**SO ORDERED** this 28th day of August, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE